Leopold J. Martin-     No. 7916.

    -vs-        Court of Appeal

Robert E. Pool-     Parish of Orleans.

**Dinkelspiel. J.**

265

Dinkelspiel. J.

Plaintiff institutes this suit against defendant sub-
stantially, for this, to-wit;

That on or about June, 2nd. 1914, the Washington Cypress
Lumber Co., a corporation existing under and by virtue
of the laws of the State of Louisiana, domiciled in the
City of New Orleans, was the owner of a large tract of
land, in the County of Washington, State of Mississippi,
which it desired to sell; that prior to said date it had
engaged the services of plaintiff to find a purchaser
for the timber on said land comprising about forty
million feet of timber; that pursuant to plaintiffs under-
standing, he plaintiff was proceeding to negotiate a
sale of said timber, according to his contract of employ-
ment, and would have succeeded in affecting a sale and
have earned a commission of 5% of the price to be obtained.
That whilst plaintiff was so engaged in negotiating for
a sale of said timber, the defendant herein learning
that the said Cypress Company desired to sell said timber,
and believes that he would have been able to find a
purchaser and earned a commission, about the date afore-
said, proposed to said Company, that he would undertake
to find a purchaser for said timber, if allowed certain
time to do so, for a commission of 5% on the purchase
price to be paid, but the company having already secured
the services of plaintiff, as aforesaid, would only
consent to enter into an agreement as proposed by defen-
dant, provided he would agree and bind himself, in
writing, to make equitable adjustment of the commission
with plaintiff, and thereupon, defendant executed and
delivered to said Company an undertaking, in writing, for
the use of plaintiff, and in order to secure said contract,
in the words and figures, following, to-wit;

" Washington,Cypress Lumber Co.

"New Orleans, June, 2nd. 1914.

"Mr. Eugene Martin, President,

"Washington Cypress Lumber Co.

"New Orleans, La.

"Daer Sir;-

" In consideration of one dollar cash in hand
" paid, and of your Company accepting the pro-
" position of the Belzoni Hardwood Lumber Com-
" pany, through me, instead of accepting eitherxa$
" of the propositions of the parties dealing
" through L. J. Martin, I will agree to divide
" the five per cent commission to be allowed
" me as follows; two and three quarter, $(2\frac{3}{4})$
" per cent to be allowed me, as follows;-
" two and three quarter $(2\frac{3}{4})$ per cent to be
" allowed to me, and two and·one quarter $(2\frac{1}{4})$
" per cent to be allowed to L.J. Martin.

"Yours Very Truly,
"R. E. Pool."

A copy of this agreement is annexed to and made a part of
the petition.

That having thus secured the proposed agreement from
the Cypress Company, plaintiff proceeded to find a pur-
chaser for said timber and he procured an offer from a
corporation styled Belzoni Hardwood Lumber Company,
for the purchase of said timber at prices agreegating
more than $200.000.00., which was satisfactory to the
Cypress Company, and it was ready and willing to close
the sale accordingly, but was prevented from doing so
by reason of the fact that there was a large outstanding

mortgage on said property and the assent of the holders of said mortgage, that is to say, of the bonds secured by said mortgage, was a pre-requisite of the sale and could not be obtained.

That plaintiff, claiming that he had done all that he undertook to do, and that it was not his fault that the sale was not made, made demand on the Cypress Company for the commission he claimed to have earned, amounting to $12.000.00. or thereabouts, and afterwards brought suit against Mrs. Anna F. C. Martin, and the Cypress Company, in the Civil District Court, alleging that Mrs. Martin was the owner of said property and organized the company for the purpose of selling same; that he had made the contract herein above cited; had found a purchaser for said timber; that the sale was not made solely because the seller could not make title, and therefor demanded his commission according to said contract. Said suit is No.111.071, of the docket of the civil District Court, and is made part hereof.

That said suit did not proceed to judgment for the reason that a compromise was ɑ̶g̶r̶e̶e̶d̶ agreed upon between defendant, Pool and the Cypress Company, or Mrs. Martin, according to which the sum of $1.500.00. was paid to him in full satisfaction of his deman; said suit was dismissed, and plaintiff is advised that in equity and in good conscience he is entitled to 9/20 of the amount so received by defendant by virtue of said agreement so made by him, but for said agreement he would have been in no position to claim anything in the premises.

Plaintiff supposes, that defendant was obliged to pay some reasonable compensation to counsel employed by him to bring suit so compromised, but not knowing the

amount paid, he is willing, however, to allow as a credit upon the demand herein made 9/30 ths. of said reasonable sum as the defendant shall prove that he had paid to his Counsel for bringing said suit and affecting said compromise. And finally prays for judgment for $675.00. less any credit as herein stated.

To this petition exceptions were filed; 1st.- same was too vague and indefinate to permit a safe answer. 2nd- and non-joinder of parties defendant; 3rd;- petition sets forth no legal right or cause of action. These exceptions were overruled and referred to the merits.

The answer of defendant denies Articles one and two, and in reference to article 3, says; that he had no knowle dge of plaintiff being engaged, but believes that the Cypress Company placed the timber lands in the hands of a number of agents for sale on commission; that it was only after defendant had secured the Belzoni Hardwood Lumber Company as prospective buyer of the land, that he, defendant, agreed to permit his commission of 5% to be reduced to $2\frac{3}{4}$% commission on the sale to be secured by defendants efforts, in order to enable the Cypress Co. to pay a commission of $2\frac{1}{4}$ % to plaintiff who is a brother of Eugene Martin, president of the Cypress Company.

Defendant has no knowledge of plaintiff ~~abandoning~~ having abandoned any negotiations for the sale of the lands, and for lack of information denies this allegation. He denies, that after having agreed to accept a smaller commission, he then proceeded to find a purchaser, but avers that he had already secured his purchaser when he entered into the agreement. He admits that the sale brought about through his efforts fell through, because the owner of the timber lands, who was the wife of the

president of the company, could not deliver an unincumbered title to the property; that there after he brought suit as alleged against the owner and her selling agent of the company.

In answer to article 5, admits that he compromised his claims against Mrs. A. F. C. Martin and the company, but denies that plaintiff is entitled to any part of the sum of money received by him in the compromise.

To Article 6, he admits having compensated his Counsel for their service in prosecuting his claims, and in answer to Article 7, says, that he has always refused to pay plaintiff any sum of money on his pretended claim, believing that he owes him nothing.

Defendant prays for dismissal of plaintiffs suit at his costs and for general andd equitable relief.

At page 9 of the transcript;-

" This agreement made and entered into the _____ day of April, A. D. 1916, by and between Robert E. Pool party of the first part, and the Washington Cypress Lumber Company and Mrs. Anna F. C. Martin, parties of the second part, withnesseth;

That whereas the said party of the first part had brought suit in the Civil District Court for the Parish of Orleans, State of Louisiana, , against said parties of the second part, seeking to recover a sum of money claimed by him for alleged services rendered under a certain contract exhibited with his petition in said suit in procuring a purchaser for the property therein mentioned; and whereas, he is willing to compromise his claim under said contract, to dismiss said

270

suit, cancel the said contract and all further
claim against the parties of the second part or
either of them, upon being paid the sum of fif-
teen hundred dollars in cash;

and, whereas, the parties of the second part
are willing to make such compromise accordingly;
now therefore, in consideration of the premises
and the payment to him  of the sum of Fifteen
hundred dollars in cash, the receipt whereof is
hereby acknowledged, he, the said party of the
fφrst part, doth hereby renounce all further
claim against the parties of the s econd part or
either of them under or on account of the said
contract, doth agree to dismiss said suit and
cancel said contract and all further claim agai
-nst the parties of the second part or either of
them thereunder.

" As witness the signatures of the said par-
ties, this the day and the year first herein
above written.

" Signed- Robert E. Pool-

Witnesses;- George B. Smart.

George Montgomery."

It would serve no useful purpose to quote the testimony
in this case of the witnesses, the defendant, Eugene Martin,
Jr. Francis C. Martin, for the reason, that substantially,
the suit in Civil District Court upon which this suit is
brought, No. 111.071, Division, 'B', R. E. Pool vs. Wash-
ington Cypress Lumber Company, which suit was for $5 five
per cent commission against said company et, als, filed
January, 18th., 1915, and which claim of Mrs. Anna F. C.
Blake, wife of Eugene Martin and Eugene Martin, Sr, gener-
-ally and in solido, for the sum of $12.000.00.for com-
mission of 5 % on the sale of timber lands, made by

271

plaintiff, as claimed, to the Belzoni Hardwood Lumber Co., property sold for $240.000.00, commission 5 %, $12.000.00. And as herein heretofore shown, this suit was compromised by defendant in this case for the sum of $1.500.00., less moneys paid for counsell fees and sundry other charges bringing the amount of the compromise received by defendant, in actual cash , to the sum of $1.075.00., and the suit just referred to dismissed.

At the outset it has been shown that this commission of $12.000.00, under an agreement between Pool and the Lumber Company, was to have been divided, one portion to Mr. Martin, plaintiff in this suit and the balance to Mr. Pool.

A complete and thorough examination of this record convinces us that this agreement has not been carried out by defendant in this case, on the contrary, every evasive issue that could be presented to the Court, either through exceptions, answers and testimony , has been used by defendant without results and it could not have been otherwise. The Contract is legal and under article 1890 of Civil Code; " A person may also, in his own name make some advantage for a third person the condition or consideration of the commutative contract, or onorous donation, and if such third person consents to avail himself of the advantage stipulated in his favor, the contract cannot be revoked".

His Honor, Judge Skinner, of the lower Court, in an able written opinion in this cause, after a careful consideration of the law and the facts, came to the conclusion that this was a stipulation pout autrui, and rendered judgment in favor of plaintiff and against defendant in the sum of $483.75, which we find correct.

It it therefore, ordered, adjudged and decreed, that there now be judgment in favor of plaintiff and against defendant in the sum of $483.75. with legal interest from 16th. May.

272

until paid, and for costs of both Courts.

(Judgment Affirmed.)